# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CANDACE CORLEY, | ) |
| | ) |
| Plaintiff, | ) Case No.   2:07-cv-00396-MHT |
| | ) |
| vs. | ) |
| | ) |
| CPC LOGISTICS, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

**COMES NOW** Defendant, CPC Logistics, Inc. ("CPC Logistics"), by undersigned counsel, and for its Answer to Plaintiff's Complaint states:

### JURISDICTION AND VENUE

1. Defendant admits that this Court has jurisdiction over alleged violations of Title VII of the Civil Right Act of 1964, but denies having committed any such violations.

2. Defendant admits that the alleged unlawful employment practices were committed within the jurisdiction of this Court, but denies having committed any such unlawful employment practices.

### PARTIES

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies same.

4. Defendant admits the allegations of paragraph 4 of the Complaint, but further states that CPC Logistics no longer does business in the State of Alabama and the City of Montgomery under the name "CPC Logistics, Inc."

5. Defendant admits the allegations of paragraph 5 of the Complaint, but further states that CPC Logistics no longer is an employer engaged in an industry affecting commerce in the State of Alabama and the City of Montgomery under the name "CPC Logistics, Inc."

## STATEMENT OF CLAIMS

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant denies having engaged in any unlawful employment practices in violation of Title VII.

   a. Defendant admits that Plaintiff began working for Defendant on or about January 2005 at the Montgomery, Alabama, facility of Defendant's customer, Rheem Manufacturing Company ("Rheem"). Defendant otherwise denies the allegations of paragraph 7.a. of the Complaint.

   b. Defendant admits Mr. Hedrick (erroneously referenced in the Complaint as "Hendrick") was employed by Rheem as a supervisor at Rheem's Montgomery, Alabama, facility. Defendant otherwise denies the allegations of paragraph 7.b. of the Complaint.

   c. Defendant admits Mr. Hedrick was Plaintiff's direct supervisor, but denies the remaining allegations of paragraph 7.c. of the Complaint.

   d. Defendant denies the allegations of paragraph 7.d. of the Complaint.

   e. Defendant denies the allegations of paragraph 7.e. of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

## PRAYER FOR RELIEF

11.     Defendant denies that Plaintiff is entitled to the relief sought in paragraph 11 of the Complaint.

12.     Defendant denies that Plaintiff is entitled to the relief sought in paragraph 12 of the Complaint.

13.     Defendant denies that Plaintiff is entitled to the relief sought in paragraph 13 of the Complaint.

14.     Defendant denies that Plaintiff is entitled to the relief sought in paragraph 14 of the Complaint.

15.     Defendant denies that Plaintiff is entitled to the relief sought in paragraph 15 of the Complaint.

16.     Defendant denies that Plaintiff is entitled to the relief sought in paragraph 16 of the Complaint.

17.     Defendant denies that Plaintiff is entitled to the relief sought in paragraph 17 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Defendant was not properly served, as it received the Summons and Complaint by mail, rather than personal service, and Plaintiff failed to comply with Fed. R. Civ. P. 4(d)(2).

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      Defendant denies each and every allegation not specifically admitted herein.

4.      The alleged behavior and conduct of Mr. Hedrick did not rise to the level of an actionable hostile work environment.

5.      The alleged behavior and conduct of Mr. Hedrick was not unwelcome to the Plaintiff.

6. The alleged behavior and conduct of Mr. Hedrick did not involve any tangible employment action.

7. Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm to herself.

8. Defendant denies that it is a proper defendant in this case.

9. Mr. Hedrick was not an employee of Defendant, nor was he supervised by Defendant. Rather, he was an employee of Rheem who was supervised by Rheem personnel.

10. No supervisor employed by Defendant was present at the location where Plaintiff was employed.

11. Plaintiff never reported the alleged behavior and conduct of Mr. Hedrick to Defendant.

12. Until it was served with Plaintiff's EEOC charge, Defendant had no knowledge of the alleged behavior and conduct of Mr. Hedrick, nor did it have any reason to believe such behavior or conduct was occurring.

13. Upon learning of Plaintiff's allegations about the behavior and conduct of Mr. Hedrick, Defendant's personnel promptly contacted Mr. Hedrick's employer, Rheem, at which time it learned that Rheem had already conducted an investigation and had terminated Mr. Hedrick's employment based on such investigation.

14. Plaintiff has not suffered any damages as a result of Defendant's conduct.

15. Plaintiff has failed to properly mitigate her damages.

16.     Plaintiff cannot recover punitive damages for conduct of Defendant's managerial agents because any discriminatory conduct by such persons would be contrary to Defendant's good-faith efforts to comply with Title VII.

17.     Imposition of punitive damages in this action would violate the Due Process Clause of the United States Constitution.

**WHEREFORE**, having fully answered, Defendant prays that this Court dismiss the Complaint in its entirety, enter judgment for Defendant, deny the relief sought by Plaintiff, and award Defendant its costs and attorneys' fees herein and any other relief deemed just and equitable.

Respectfully submitted,

s/ Stephen D. Christie
Stephen D. Christie (ASB-3774-I51S; CHR016)
**LAMAR, MILLER, NORRIS, HAGGARD & CHRISTIE, P.C.**
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244
(205) 326-000
(205) 323-2945 – Facsimile
schristie@lmnflaw.com

s/Robert S. Lamar, Jr.
Robert S. Lamar, Jr. (ASB-9361-A39-R; LAM002)
**LAMAR, MILLER, NORRIS, HAGGARD & CHRISTIE, P.C.**
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244
(205) 326-0000
(205) 323-2945 – Facsimile
BobL@lmnflaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 27th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following and have served a true and correct copy of the foregoing by depositing same with the United States Postal Service, first class, postage prepaid, addressed as follows:

Mr. Mark M. Gibson  
Almon & Gibson, LLC  
4 Office Park Circle, Suite 214  
Birmingham, AL 35223  
(205) 445-0895  
mgibson9051@charter.net

                                                s/ Stephen D. Christie  
                                                OF COUNSEL