UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANDACE CORLEY, | ) |
| | ) |
| Plaintiff, | ) Case No.   2:07-cv-00396-MHT |
| | ) |
| vs. | ) |
| | ) |
| CPC LOGISTICS, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT OF PARTIES' PLANNING MEETING

1. <u>Appearances</u>:

   Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' representatives was held on <u>July 10, 2007</u>, in Birmingham, Alabama.

   a. Appearing on behalf of Plaintiff:

      Mark M. Gibson, Esq.
      Almon & Gibson, LLC
      4 Office Park Circle, Suite 215
      Birmingham, AL 35223
      (205) 445-0895

   b. Appearing on behalf of Defendant:

      Stephen D. Christie, Esq.
      Lamar, Miller, Norris, Haggard & Christie. P.C.
      501 Riverchase Parkway East, Suite 100
      Birmingham, Alabama 35244
      (205) 326-0000 \ (205) 323-2945 fax

2. <u>Claims and Defenses of the Parties</u>:

   a. <u>Plaintiff Claims as Follows</u>:

      The Plaintiff claims that the Defendant engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 USC 2000 E-2(a) and 2000 E-3(a). More specifically, the Plaintiff claims that beginning in February 2005, and continuing through May 16, 2006, she was the victim of unwanted sexual advances committed by her supervisor, Mike Hendrick.

> The Plaintiff claims that despite her refusal of each such advance, Mr. Hendrick's activities increased, and the Plaintiff claims that the Defendant was aware of Mr. Hendrick's behavior. On May 16, at Mr. Hendrick's request, the plaintiff went to Mr. Hendrick's house, at which time she claims he asked her to perform sexual acts, which she declined. The Plaintiff claims that she reported the events of May 16 to the Defendant on May 19, 2006. As the result of these alleged unlawful employment practices, the Plaintiff claims that she has been deprived of equal employment opportunities and has, otherwise, been adversely affected in her employment and has been subjected to a hostile work event and to harassment because of her sex. The Plaintiff claims that the Defendant engaged in this wrongful conduct intentionally, with malice, and/or with reckless indifference to the Plaintiff's federally protected rights.
>
> b.  <u>Defendant's Defenses</u>:
>
> The Defendant denies that it has engaged in any unlawful employment practices in violation of Title VII. While the Defendant admits that the Plaintiff was its employee at all times during the wrongful conduct alleged in the Complaint, the Defendant contends that it cannot be held vicariously liable for Mr. Hendrick's conduct, as Mr. Hendrick was an employee of Rheem at its Montgomery, Alabama manufacturing facility. The Defendant further contends that the Plaintiff is not entitled to recover, because the conduct of Mike Hendrick did not rise to the level of an actionable hostile work environment and/or was not unwelcome to the Plaintiff. The Defendant further contends that the Plaintiff never reported to it any of the alleged behavior on the part of Mr. Hendrick, and that the Defendant had no knowledge of any such conduct until it received a copy of the Plaintiff's EEOC charge. At such time, the Defendant undertook to investigate the alleged misconduct, and learned that Rheem had already terminated the services of Mr. Hendrick.

3. <u>Parties</u>:

    a.  The Plaintiff shall have until September 1, 2007, to join any additional parties.

    b.  The Defendant shall have until September 1, 2007 to join any additional parties.

4. <u>Pleadings</u>:

    a.  The Plaintiff shall have until September 1, 2007, to amend the pleadings.

    b.  The Defendant shall have until September 22, 2007, to amend the pleadings.

5. <u>Dispositive Motions</u>:

   All potentially dispositive motions must be filed by February 23, 2008.

6. <u>Expert Testimony</u>:

   Unless modified by stipulation of the parties, the disclosure of expert witnesses-including a complete report under Fed. R. Civ. P. 36(a)(2)(B) from any specially retained or employed expert are due:

   a. From the Plaintiff:   November 1, 2007;

   b. From the Defendant:   December 1, 2007.

7. <u>Discovery Limitations and Cutoffs</u>:

   a. Unless modified by stipulation of the parties:

      Depositions:

      Maximum of 6 depositions for the Plaintiff and 6 depositions for the Defendant with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties.

      Interrogatories:

      Maximum of 25 by each party, with responses due within 30 days after service.

      Request for Admission:

      Maximum of 25 by each party, with responses due within 30 days after service.

      Request for Production:

      Maximum of 25 by each party, with responses due within 30 days after service.

      Supplementation:

      Supplements under Rule 26(e), Fed. R. Civ. P., are due 14 days from the close of discovery.

   b. Pre-discovery disclosure: The parties shall exchange the information required by Rule 26(a)(1) by August 10, 2007.

        c.      Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by January 23, 2008.

8. <u>Pretrial Conference</u>:

   This case is set for pretrial conference on a date to be determined by the Court.

9. <u>Trial</u>:

   The parties propose that the case be set for jury trial during the Court's June 23, 2008 trial term.

   Trial is expected to last 2 ½ days.

10. <u>Final lists</u>:

    Final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be served and filed:

    a.    By the Plaintiff:    30 days prior to the trial date

    b.    By the Defendant:    30 days prior to the trial date

    Objections are to be filed within 10 days after receipt of final lists.

11. <u>Scheduling Conference</u>:

    The parties do not request a scheduling conference prior to the entry of the Scheduling Order.

12. <u>Mediation and/or Alternative Dispute Resolution</u>:

    The parties to this action are in agreement that at some point in the future, mediation may be of benefit to resolve some or all of the claims asserted herein. However, until such time as the parties have made their initial disclosures and been allowed to conduct at least initial written discovery, it is difficult to ascertain the likelihood that mediation will result in a resolution of any or all of the claims asserted in this action. The parties agree to discuss the possibility of mediation and, further, agree to explore all avenues that may lead to a settlement and/or resolution of the claims raised in this matter.

Submitted this the 20th day of JULY, 2007.

| ATTORNEY FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANT: |
|---|---|
| s/Mark M. Gibson | s/ Stephen D. Christie |
| Mark M. Gibson, Esq. | Stephen D. Christie (ASB-3774-I51S; CHR016) |
| Almon & Gibson, LLC | **LAMAR, MILLER, NORRIS, HAGGARD** |
| 4 Office Park Circle, Suite 215 | **& CHRISTIE, P.C.** |
| Birmingham, AL 35223 | 501 Riverchase Parkway East, Suite 100 |
| (205) 445-0895 | Birmingham, AL 35244 |
| mgibson9051@charter.net | (205) 326-0000 \ (205) 323-2945 facsimile |
| | schristie@lmnflaw.com |
| | |
| | s/Robert S. Lamar, Jr. |
| | Robert S. Lamar, Jr. (ASB-9361-A39-R; LAM002) |
| | **LAMAR, MILLER, NORRIS, HAGGARD** |
| | **& CHRISTIE, P.C.** |
| | 501 Riverchase Parkway East, Suite 100 |
| | Birmingham, AL 35244 |
| | (205) 326-0000 \ (205) 323-2945 facsimile |
| | BobL@lmnflaw.com |