UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| CANDACE CORLEY<br><br>        Plantiff,<br><br>    V.<br><br>CPC LOGISTICS, INC. and<br>RHEEM MANUFACTURING<br>COMPANY<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <u>CIVIL ACTION NO.</u><br>2:07-CV-396-MHT |

FEDERAL RULE OF CIVIL PROCEDURE RULE 15
MOTION FOR LEAVE TO AMEND

Comes Now the Plaintiff, Candace Corley, by and through counsel, and

moves this Honorable Court for leave to amend her Complaint and to add Rheem

Manufacturing Company as a party defendant. A complete copy of the Amended

Complaint is attached hereto.

Respectfully Submitted,

s/MARK M. GIBSON (GIB022)
Attorney for Candace Corley
Almon & Gibson, LLC
4 Office Park Circle, Suite 214
Birmingham, AL 35223
Phone: (205) 445-0895
Fax: (205) 445-0898

1

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served by placing a copy thereof in the United States Mail, postage prepaid to counsel of record:

Steven D. Christie
Mr. Robert S. Lamar, Jr.
Lamar, Miller, Norris, Haggard & Christie, PC
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244


On this the 4th day of September, 2007.


s/Mark M. Gibson
OF COUNSEL

2

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
Northern Division

| | |
|---|---|
| CANDACE CORLEY )<br><br>              Plantiff, )<br>                     ))<br>   V. )<br>                     )<br>CPC LOGISTICS, INC. and )<br>RHEEM MANUFACTURING COMPANY )<br>                     )<br>          Defendants. | <u>CIVIL ACTION NO.</u><br>2:07-CV-396-MHT<br><br><br><u>COMPLAINT</u><br><u>JURY TRIAL DEMAND</u> |

FIRST AMENDED COMPLAINT

<u>NATURE OF THE ACTION</u>

      This is an action under the Title VII of the Civil Rights Act of 1964 ( Title VII ) and Title I of the Civil Rights Act of 1991, for unlawful employment practices on the basis of sex, female, and retaliation and to provide appropriate relief due to Candace Corley ( Corley ) who was adversely affected by such practices. As stated with greater particularity in the paragraphs below, the Plaintiff alleges that Defendant CPC Logistics, Inc. discriminated against her because of her sex by subjecting her to sexual harassment in violation of Title VII.  Corley also alleges several state law claims against both Defendants.

<u>JURISDICTION AND VENUE</u>

1

1. Jurisdiction of this Court is invoked pursuant provisions including 28 U.S.C. Section 451, 1331, and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ( Title VII ) and Section 102 of Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama.

3. The Court has ancillary jurisdiction over the state law claims.

<u>PARTIES</u>

4. Plaintiff, Candace Corley is a resident of Deatsville, Alabama.

5. Defendant, CPC Logistics, Inc., was at all relevant times a Missouri corporation qualified to do business in Alabama, continuously doing business in the State of Alabama and the City of Montgomery, and continuously had at least 15 employees.  Actions complained of herein occurred in Montgomery County, Alabama.

6. At all relevant times, Defendant was an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e(b), (g) and (h).

2

7. Defendant, Rheem Manufacturing Company, was at all relevant times a Delaware corporation qualified to do business in Alabama, continuously doing business in the State of Alabama and the City of Montgomery, and continuously had at least 15 employees. Actions complained of herein occurred in Montgomery County, Alabama.

## STATEMENT OF CLAIMS

8. All conditions precedent to the institution of this lawsuit have been fulfilled. On June 7, 2006, Candace Corley filed an EEOC Complaint.

9. Since at least January 2005, Defendant CPC has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a).

   a. Candace Corley began working for Defendant CPC at its Montgomery, Alabama facility on or about January 2005.

   b. At that Mike Hendrick was working as a supervisor at Defendant s Montgomery, Alabama facility. Hemdrick was allegedly an employee of Defendant Rheem.

   c. From February 2005 through May 16, 2006, Mr. Hendrick regularly made unwelcome sexual advances and highly offensive sexual comments to Plaintiff. At all relevant times Mr. Hendrick was Plaintiff s direct supervisor. Despite Plaintiff s continued refusal of each advance proffered

3

by Mr. Hendrick, Mr. Hendrick s activities increased.  Defendant was
aware of Mr. Hendrick s unlawful behavior.

d.  On May 15, 2006, Mr. Hendrick approached Ms. Corley at the end of the
work shift and demanded that Ms. Corley come by his house the next
morning and indicated he wanted to discuss work matters. Upon arriving
at Mr. Hendrick s home, he requested that Ms. Corley show him her
breasts.  Ms. Corley declined.  Subsequently, Mr. Hendricks presented
Ms. Corley with a sexual aid, commonly known as a vibrator, and asked to
watch her utilize the item on herself.  Ms. Corley declined, and left Mr.
Hendrick s home to go to the facility.

e.  On May 19, 2006, Plaintiff reported the events of May 16, 2006 to
Defendant Rheem.

10. The effect of the unlawful employment practices complained of in paragraph
nine (9) above has been to deprive Candace Corley of equal employment
opportunities, and otherwise adversely affected the terms and conditions of
her employment and constituted a hostile work environment and harassment
because of her sex.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of in paragraph nine (9)
above were done with malice or with reckless indifference to the federally
protected rights of Candace Corley.

13.  Defendants had a duty to adequately train and supervise their management
with regard to sexual harassment and invasion of privacy issues.

4

14. Defendants failed to properly train and supervise Mr. Hendrick with regard to sexual harassment and invasion of privacy issues.

15. With knowledge of prior wrongful conduct by Mr. Hendrick, Defendants negligently retained Mr. Hendrick as a part of the management team for Rheem and CPC.

16. The above described wrongful conduct of Defendants Rheem and CPC constitutes negligent training, supervision and/or retention of management personnel which has proximately caused damages to Plaintiff.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff requests that this Court:

17. Order Defendants to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women, which eradicate the effects of its past and present unlawful employment practices.

18. Order Defendants to make whole Candace Corley by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

19. Order Defendants to make whole Candace Corley by providing compensation for past and future pecuniary losses resulting from the employment practices described above, including but not limited to, out-of-pocket losses, medical expenses and job search expenses, in amounts to be determined at trial.

5

20. Order Defendants to make whole Candace Corley by providing compensation for past and future nonpecuniary losses resulting from the employment practices described above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

21. Order Defendants to pay punitive damages for its malicious and reckless conduct described above, in an amount to be determined at trial.

22. Grant such further relief as the Court deems necessary and proper in the public interest.

23. Award the Plaintiff her costs of this action, including expenses and attorney s fees.


<u>JURY TRIAL DEMAND</u>

The Plaintiff requests a jury trial on all questions of fact raised by its Complaints.


Respectfully Submitted,


s/MARK M. GIBSON (GIB022)
Attorney for Candace Corley
Almon & Gibson, LLC
4 Office Park Circle, Suite 214
Birmingham, AL 35223
Phone: (205) 445-0895
Fax: (205) 445-0898

<u>Serve Defendant Rheem at:</u>
RHEEM MANUFACTURING COMPANY
whose fictitious corporate name is
Rheem Manufacturing Company, Inc.
CSC Lawyers Incorporating Svc Inc.
150 South Perry Street
Montgomery, AL 36104

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served by placing a copy thereof in the United States
Mail, postage prepaid to counsel of record:

Steven D. Christie
Mr. Robert S. Lamar, Jr.
Lamar, Miller, Norris, Haggard & Christie, PC
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244

On this the 4th day of September, 2007.

OF COUNSEL

7