UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CANDACE CORLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | 2:07-CV-396-MHT |
| **CPC LOGISTICS, INC and** ) | |
| **RHEEM MANUFACTURING** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

**COMES NOW** Defendant, **Rheem Manufacturing Company** (hereinafter referred to as "Rheem"), and Answers Plaintiff's First Amended Complaint as follows:

## NATURE OF THE ACTION

Rheem admits only that Plaintiff seeks to rely upon the various statutes cited in the first paragraph (unnumbered) of her First Amended Complaint, but denies that it has violated any law and denies that Plaintiff is entitled to any relief whatsoever from Rheem.

## JURISDICTION AND VENUE

1. Without admitting liability or wrongdoing, Rheem admits only that Plaintiff seeks to invoke the statutes enumerated in Paragraph 1 of the First Amended Complaint, admits that this Court has subject matter jurisdiction, and admits that venue is proper for this action. Rheem denies that Plaintiff has been a victim of discrimination.

2. Admitted.

3. Denied.

## PARTIES

4. Rheem is without sufficient information to determine the truth of the allegations in Paragraph 4 of the First Amended Complaint, therefore, such allegations are denied pending discovery.

5. Rheem is without sufficient information to determine the truth of the allegations in Paragraph 5 of the First Amended Complaint, therefore, such allegations are denied pending discovery.

6. Denied.

7. Admitted.

## STATEMENT OF CLAIMS

8. Rheem denies that all conditions precedent to institution of this lawsuit have been fulfilled. Rheem admits only that Plaintiff filed an EEOC Charge of Discrimination on or about June 7, 2006. The remaining allegations of Paragraph No. 8 are denied.

9. Denied.

9a. Denied.

9b. Rheem admits that it formally employed Mike Hedrick as its Parts Business Manager, and that Hedrick's duties included supervision of a Parts Warehouse located at 2773 Gunter Park Drive West, Montgomery, Alabama 36109.

9c. Denied.

9d. Denied.

9e. Admitted. In further answer to Paragraph 9e of the First Amended Complaint, Rheem states that Plaintiff's mother telephoned Rheem's Plant Human

Resources Department on Thursday, May 18, 2006, reported that she believed that her daughter was being sexually harassed by Hedrick, and requested a meeting at 7:00 a.m. on Friday, May 19, 2007, which Rheem immediately scheduled. This was Plaintiff's first notice to Rheem and Rheem's first knowledge of any problems between Hedrick and Plaintiff. Hedrick had worked for Rheem for twenty-four (24) years with no disciplinary history and no prior complaints of alleged sexual misconduct.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied. Rheem provided adequate training to its supervisory personnel, including Hedrick, prior to the alleged improper conduct on Hedrick's part.

14.    Denied.

15.    Denied.

16.    Denied.

**PRAYER FOR RELIEF**

17. - 23.    Rheem denies that Plaintiff is entitled to any of the relief she requests in Paragraphs 17 - 23 of the First Amended Complaint and denies all allegations made in those paragraphs.

24.    All allegations of the First Amended Complaint not specifically admitted hereinabove are denied.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's complaint fails to state claims for which relief can be granted.

2. Plaintiff first named Rheem as a Defendant in this action when she filed her First Amended Complaint on September 18, 2007. Plaintiff received her Dismissal and Notice of Rights Letter ("Right-to-Sue-Letter") from the EEOC on or shortly after February 7, 2007. Therefore, this suit is not timely filed and is time barred as far as it relates to Rheem.

3. The doctrine of laches bars some or all of Plaintiff's claims.

4. All or part of the claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

5. Rheem was never Plaintiff's "employer" as defined by the statutes relied upon by Plaintiff in her First Amended Complaint, and is not a proper defendant in this case.

6. The alleged conduct on Hedrick's part, though inappropriate, did not rise to the level of actual sexual harassment, nor did it give rise to a sexually hostile working environment as defined by applicable law.

7. Hedrick's alleged improper conduct was not unwelcome or subjectively offensive to Plaintiff and; therefore, is not actionable.

8. Plaintiff is estopped and lacks clean hands to assert her claims against Rheem, because she engaged in sexual inappropriate conversation and conduct at work in Hedrick's presence prior to his alleged misconduct.

9. Plaintiff is estopped to assert claims against Rheem because she initially sued CPC only and her newly asserted claims against Rheem are untimely.

10. Plaintiff unreasonably and unjustifiably failed to avail herself of protections afforded by Rheem's policy against sexual harassment and other policies and

procedures available for her protection from unwanted sexual advances. On Friday, May 19, 2006, Plaintiff and her mother met with Alora Brady Perkins, Rheem's Plant Employee Relations Supervisor, and reported Plaintiff's allegations of alleged inappropriate conduct on Hedrick's part for the first time.

11.     Rheem took prompt, effective, remedial action as soon as Plaintiff first reported her allegations against Hedrick. Rheem conducted a thorough and timely investigation and gave Hendrick the option to resign his employment rather than be terminated. Plaintiff had no further contact with Hedrick after she reported him to Rheem's Plant Human Resources Department and continued her work assignment at Rheem without retaliation by Rheem or CPC.

12.     Plaintiff suffered no tangible, adverse employment action or other retaliatory treatment by Rheem or CPC after she reported Hedrick's alleged misconduct.

13.     Plaintiff has failed to mitigate her damages, if any.

14.     Plaintiff voluntarily resigned her employment with CPC (and her assignment at Rheem); therefore, she may not recover back pay or front pay.

15.     Rheem exercises reasonable care to present and promptly correct any harassing conduct through its sexual harassment policy, including supervisor training.

16.     Respecting Plaintiff's state law tort claims, Rheem pleads bad faith, assumption of the risk and contributory negligence.

17.     The claims in this complaint may not be brought pursuant to 42 U.S.C. § 2000e unless and until Plaintiff establishes timely and proper satisfaction of the prerequisites to the institution and maintenance of an action under such statutes as to this defendant. To the extent that Plaintiff raises claims not made the subject of the EEOC

charge she relies upon in her Complaint, or alternatively, not made the subject of a timely signed, verified EEOC charge naming Rheem as a respondent, or raises claims that arose more than 180 days before the filing of her EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit.  Any and all claims against Rheem not raised in a lawsuit timely-filed within ninety days of Plaintiff's receipt of a Notice of Rights letter from the EEOC may not be litigated in this action.

18.    Assuming arguendo that Plaintiff provides some evidence that she contends establishes that an adverse employment action was taken against her due to allegedly protected conduct, Rheem claims the Price Waterhouse/Mt. Healthy defense because it would have treated Plaintiff the same in all respects for other legitimate non-discriminatory, non-retaliatory, non-pretextual reasons.  Some or all of the decisions and/or employment actions challenged as discriminatory in the First Amended Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals.  Where an employer in a "mixed motive" case proves that it would have made the same decision absent the alleged retaliatory bias it has a complete defense from liability under Title VII for retaliation.  See, e.g., Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001).

19.    Rheem states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the First Amended Complaint.  To the extent that Plaintiff's claims against Rheem rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

20.    An award of punitive damages in this case is not appropriate.

21. To the extent that Plaintiff's claims are fraudulently brought, they are barred.

22. To the extent that Plaintiff's claims have been waived, they are barred.

23. To the extent that Plaintiff may have been guilty of conduct, as yet unknown to Rheem or made known to Rheem after Plaintiff resigned her employment, which conduct would have prevented her from being assigned to work at Rheem, she is barred from seeking some or all damages.

24. In the alternative to the above defenses, Rheem denies that it has intentionally, willfully, maliciously, or deliberately violated any statute or law relied upon in the First Amended Complaint.

25. Rheem reserves the right to assert other defenses as discovery proceeds.

**Constitutional Defenses**

26. An award of punitive damages in this case would violate the due process clause of the Constitution of the United States.

27. Any award of punitive damages and/or damages for mental anguish or emotional distress would violate the constitutional safeguards provided under the Constitution of the United States and of the various states, including the Constitution of the State of Alabama.

28. Any award of punitive damages and/or damages for mental anguish or emotional distress to Plaintiff would violate the constitutional safeguards provided under the Constitution of the United States and the Constitution of the State of Alabama in that the determination of such damages under the applicable state law is vague, is not based

on any objective standards, and is not rationally related to legitimate government interests.

29.     Plaintiff's claims for punitive damages violate the separation of powers requirement of the constitutions of the various states, by allowing courts and juries, rather than a legislature, to determine what conduct constitutes punishable conduct and the amount of punishment therefore.

30.     Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

> (a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
>
> (b)     The procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally reasonable limit on the amount of any award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
>
> (c)     The procedures pursuant to which punitive damages are awarded are vague and ambiguous and fail to provide specific standards for the amount of the award of punitive damages which allows jurors broad, unlimited and undefined power to make determinations based on passion, personal beliefs and/or uninformed ideas of what the law permits, rather than what the law requires;
>
> (d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;
>
> (e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum

criminal fine for the same or similar conduct, which thereby infringes on the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes on defendants' Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution;

(g) Any award of punitive damages to Plaintiff would violate the Self-Incrimination Clause of the Fifth Amendment of the United States Constitution, because punitive damages are penal in nature, yet a defendant may be compelled to disclose potentially incriminating documents and evidence;

(h) Plaintiff's attempt to impose punitive or extra contractual damages on the Defendant on the basis of the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

(i) Any award of punitive damages to Plaintiff would violate the procedural safeguards provided to the Defendant under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a defendant in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a defendant in a criminal proceeding;

(j) Plaintiff's First Amended Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

(k) Plaintiff's First Amended Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the various states;

(l) Plaintiff's claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution; and

(m) Any award of punitive damages would violate Defendant's right to trial by jury in violation of the Seventh Amendment to the Constitution of the United States.

31. Plaintiff's claims for multiple and/or punitive damages and/or damages for mental anguish/emotional distress violate due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution in that:

a) There is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages;

b) There is no requirement that punitive damages;

c) Review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

d) Punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post trial review at the trial and/or appellate levels;

e) The preponderance of the evidence standard of proof, where applicable, is not high enough to satisfy due process where a defendant faces a punitive damage award;

f) The criteria for an award of punitive damages and/or damages for mental anguish/emotional distress are impermissibly vague and uncertain;

g) The criteria for review of an award of punitive damages and/or damages for mental anguish/emotional distress on appeal are impermissibly vague and uncertain; and

h) The jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a defendant outside the scope of this litigation, subjecting a defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

32. With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination, review and/or enforceability of punitive damage awards which arose in

*BMW of No. America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); and in *State Farm Mut. Auto. Ins. Co., v. Campbell*, 123 S.Ct. 1513 (2003).

32.     The imposition of punitive damages against this Defendant in this case would violate the Defendant's due process rights as guaranteed by the United States Constitution, because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the Defendant's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

33.     Imposition of punitive damages against this Defendant would have a chilling effect upon the Defendant's right to open access to the courts of this state, in violation of the United States Constitution.

34.     The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

35.     Plaintiff is not entitled to recover punitive damages because Plaintiff cannot prove that Defendant's conduct involved such malice, wantonness, oppression, fraud, willfulness, recklessness, or wickedness as amounts to criminality, which for the good of society and warning to the individual ought to be punished.

36.     Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 533 U.S. 424, 121 S. Ct. 1678, 149 L.Ed. 2d 674 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.  See also, *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 459, 116 S.Ct. 2211, 135 L. Ed. 2d 659 (1996).

37.     An award of mental anguish damages in this case will violate this Defendant's due process and equal protection rights guaranteed by the *United States Constitution* because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

38.     To award Plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish and/or the absence of any requirements for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, this Defendant avers that such an award in this case would violate the *United States Constitution*.

        Respectfully submitted,

        s/Henry C. Barnett, Jr.
        **HENRY C. BARNETT, JR. (BAR037)**
        *Attorney for Defendant,*
        *Rheem Manufacturing Company*

**OF COUNSEL:**
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36104
(334) 241-8000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen D. Christie
Robert S. Lamar, Jr.
Lamar, Miller, Norris, Haggard & Christie
501 Riverchase Parkway East, Suite 100
Birmingham, Alabama  35244

Mark M. Gibson
Almon & Gibson, LLC
4 Office Park Circle, Suite 214
Birmingham, Alabama  35223

                       s/Henry C. Barnett, Jr.
                       OF COUNSEL