UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANDACE CORLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) 2:07-cv-00396-MHT |
| CPC LOGISTICS, INC., and | ) |
| RHEEM MANUFACTURING | ) |
| COMPANY | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT RHEEM'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant Rheem Manufacturing Company ("Rheem") and, files this Motion for Summary Judgment. Rheem moves the Court to dismiss Plaintiff's Title VII sexual harassment claims because they are untimely since she brought suit against Rheem long after the expiration of her 90-day right-to-sue letter from the EEOC. In support of this Motion, Rheem files a Memorandum of Law contemporaneously herewith, and states as follows:

A.     BACKGROUND FACTS.

    1.     Defendant Rheem Manufacturing Company ("Rheem") is in the business of designing, manufacturing and marketing water heaters and HVAC products. The issues in this lawsuit relate solely to the Water Heater Division, which maintains its Division Headquarters in Montgomery, Alabama at 101 Bell Road, Montgomery, Alabama 36117. Rheem's Water Heater Division markets a broad range of replacement parts for its water heaters. The replacement parts department operates from a Parts Warehouse, located at 2773 Gunter Park Drive West, Montgomery, Alabama 36109. At the times material to this case, Division employee Mike

Hedrick (Parts Business Manager) ("Hedrick") was in charge of the Parts Warehouse and the replacement parts operation.

2.      Defendant CPC Logistics, Inc. furnishes warehouse personnel to various customers, including Rheem. Plaintiff was an employee of CPC on CPC's payroll but assigned to work at Rheem's Parts Warehouse for seventeen months prior to her only complaint of sexual harassment and for almost eight months thereafter until she resigned for other employment. Hedrick was Plaintiff's immediate supervisor at Rheem's Parts Warehouse during her initial seventeen months. Rheem and CPC are separate, unrelated entities not affiliated by common ownership or otherwise.

3.      Plaintiff alleges in her Amended Complaint (Doc. no. 14) at ¶ 9(c) that Hedrick regularly made unwelcome verbal sexual advances towards her from February, 2005 through May 16, 2006. Hedrick's version of the facts are in sharp contrast to Plaintiff's, but the conflicting factual allegations do not create a genuine issue of material fact for purposes of the specific issue presented by this motion for summary judgment - whether Plaintiff's suit against Rheem is timely.

4.      Plaintiff filed a Charge with the EEOC on June 7, 2006 with the assistance of her current counsel, who notarized her EEOC Charge. Importantly, Plaintiff's Charge named Rheem and CPC as co-respondents. Accordingly, CPC and Rheem filed a joint response to the EEOC Charge on August 1, 2006. The EEOC sent Plaintiff a 90-day right-to-sue letter dated February 7, 2007, with carbon copies to Plaintiff's current counsel and Rheem's counsel. Plaintiff filed suit against CPC as the sole Defendant on May 4, 2007, a few days before her EEOC right-to-sue letter expired.

5.     On September 4, 2007, 209 days after the date of Plaintiff's 90-day right-to-sue letter, and approximately 125 – 129 days after the 90-day period had expired, Plaintiff filed a Motion For Leave to Amend Complaint (Doc. no. 14) seeking to add Rheem as a new party defendant. The Court granted Plaintiff's Motion for Leave to Amend Complaint on September 11, 2007 (Doc. no. 15) and added Rheem as a defendant 216 days after the date of Plaintiff's right-to-sue letter. Defendant CPC filed a Motion for Reconsideration of the Order Granting Plaintiff's Motion for Leave to Amend Complaint on September 17, 2007. (Doc. no. 16). The Court denied Defendant CPC's Motion for Reconsideration on September 21, 2007. (Doc. no. 17). Importantly, the Court stated in its Order that it was taking "no position on whether a newly added defendant should be dismissed." *Id.*

**B.     PLAINTIFF'S CLAIMS AGAINST RHEEM SHOULD BE DISMISSED AS UNTIMELY.**

6.     Plaintiff's Complaint fails to state a viable Title VII claim against Rheem because 216 days passed between the date of Plaintiff's right-to-sue letter on February 7, 2007 and September 11, 2007, the date the Court granted Plaintiff's Motion to Amend Complaint and added Rheem as a Defendant. Title VII requires that an aggrieved party file suit within 90 days of receipt of the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The plaintiff has the initial burden of establishing that she filed a Complaint within 90 days of receipt of the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (1994). This 90-day limitations period is strictly construed.

7.     It is undisputed that Plaintiff sought to amend her Complaint to add a new defendant on September 4, 2007, 209 days after her right–to-sue letter dated February 7, 2007 was issued. It is also undisputed that the Court granted the motion to amend and added Rheem as a Defendant on September 11, 2007, 216 days after the date of Plaintiff's right-to-sue letter.

There is no factual dispute about the date of Corley's EEOC right-to-sue letter or the date on which she added Rheem to the case.

8.  The law is clear that Rule15(c)(3) of the FED. R. CIV. P. is the only mechanism through which a plaintiff can survive a timeliness objection when she has amended her complaint to add a party after the running of the relevant limitations period. *See McCulley v. Allstates Tech. Servs.,* 2005 WL 1475314 at *16 n. 53 (S.D. Ala. Jun 21, 2005) (citing *Powers v. Graff,* 148 F.3d 1223, 1225 (11th Cir. 1998)). Rule 15(c)(3) allows an amendment of a pleading to relate back to the date of the original pleading when a plaintiff needs to correct a mistake concerning the identity of the proper party, but does not allow a plaintiff to add a defendant merely because she discovered additional information or simply failed to include the defendant in her original complaint. The Eleventh Circuit has made clear that the term "mistake" does not encompass circumstances where a plaintiff failed to name a defendant because he lacked knowledge of its identity, or where a plaintiff makes a deliberate strategic decision not to name a particular defendant. Thus, in the present case, in order for the Court to allow Plaintiff's belatedly Amended Complaint naming Rheem to relate back to the date of her original complaint, her failure to file suit against Rheem before the limitations period ran can be attributable only to a misnomer or mistake concerning Rheem's identity.

9.  Plaintiff Corley has not alleged that her failure to name Rheem was due to a mistake of any kind. Plaintiff's Motion to for Leave to Amend (Doc. no. 14) is completely devoid of any explanation for the late addition of Rheem as a Defendant, so one must conclude that it is the result of inexplicable neglect, belated change of strategy, or undue delay. Plaintiff, who has been represented by her current counsel at least as far back as June 7, 2006, the date she filed an EEOC Charge naming both CPC and Rheem, has known from the beginning the facts

necessary to file suit against Rheem. Plaintiff's counsel assisted Plaintiff with her EEOC Charge, as evidenced by the fact that he notarized the Charge. There can be no dispute that Plaintiff knew the identity of Rheem as a potential defendant in this suit. Plaintiff's failure to add Rheem as a defendant for more than double the 90-day period does not fall within a recognized exception, and Rheem never knew or should have known that it would have been a named Defendant at the inception of this lawsuit but for a mistake concerning its identity. Because she failed to file suit against Rheem within the 90-day limitations period, her claims should be dismissed as untimely and the Court should enter summary judgment in Rheem's favor.

**C.    RHEEM REQUESTS AN EXPEDITED RULING ON THIS MOTION FOR SUMMARY JUDGMENT.**

10.    Rheem respectfully requests that the Court expedite its ruling on this Motion for Summary Judgment. Plaintiff and Defendant CPC already met pursuant to Rule 26 and this matter has been set for trial during the term commencing June 23, 2008. Rheem wishes to avoid the costly discovery and trial preparation processes in anticipation that the Court will agree that Plaintiff's suit against Rheem is untimely. Moreover, Rheem's counsel has a previously set trial date conflict during the June 28, 2008 term of court for which this case is set. (*Keith Ruldolph v. MOBIS Alabama, LLC*, In the United State District Court for the Middle District of Alabama, Northern Division, Case No.: 2:06-cv-994-ID). Therefore, Rheem respectfully moves the Court to expedite its ruling.

**D.    RHEEM'S MOTION ONLY ADDRESSES THE TIMELINES OF PLAINTIFF'S CLAIM.**

11.    Rheem wishes to clarify that this Motion addresses only the timeliness of Plaintiff's claim. Rheem has other grounds for summary judgment that it intends to assert if this Motion is denied. For example, Plaintiff's allegations do not rise to the level of an actionable

5

Title VII case and even if they did, Rheem took prompt effective remedial action as soon as Plaintiff complained, and Plaintiff suffered no adverse employment action.

12. For these reasons, and those discussed more fully in Rheem's Memorandum of Law in support of this motion, Rheem is entitled to summary judgment on all of Plaintiff's claims because her suit against Rheem is untimely.

> Respectfully submitted,
> /s/Henry C. Barnett, Jr.
> HENRY C. BARNETT, JR. (BAR037)
> *ATTORNEY FOR RHEEM*

**OF COUNSEL**:
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL  36102
Telephone:  (334) 241-8059
Facsimile:  (334) 323-8888

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen D. Christie
Robert S. Lamar, Jr.
Lamar, Miller, Norris, Haggard & Christie
501 Riverchase Parkway East, Suite 100
Birmingham, Alabama 35244

Mark M. Gibson
Almon & Gibson, LLC
4 Office Park Circle, Suite 214
Birmingham, Alabama 35223

Adam P. Morel
2300 10th Court South
Birmingham, Alabama 35205

/s/Henry C. Barnett, Jr.
HENRY C. BARNETT, JR. (BAR037)........