UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| CANDACE CORLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07-cv-00396-MHT |
| | ) | |
| vs. | ) | |
| | ) | |
| CPC LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW** Defendant, CPC Logistics, Inc. ("CPC"), by undersigned counsel, and for its Answer to Plaintiff's First Amended Complaint states:

### JURISDICTION AND VENUE

1. CPC admits that this Court has jurisdiction over alleged violations of Title VII of the Civil Right Act of 1964, but denies having committed any such violations.

2. CPC admits that the alleged unlawful employment practices were committed, if at all, within the jurisdiction of this Court, but denies having committed any such unlawful employment practices.

3. CPC admits that this Court may exercise supplemental jurisdiction over the state law claims, but denies any liability to Plaintiff under state law.

### PARTIES

4. CPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the First Amended Complaint and therefore denies same.

1

5. CPC admits the allegations of paragraph 5 of the First Amended Complaint, but further states that CPC Logistics no longer does business in the State of Alabama and the City of Montgomery under the name "CPC Logistics, Inc."

6. CPC admits the allegations of paragraph 6 of the First Amended Complaint, but further states that CPC no longer is an employer engaged in an industry affecting commerce in the State of Alabama and the City of Montgomery under the name "CPC Logistics, Inc."

7. CPC admits the allegations of paragraph 7 of the First Amended Complaint.

## STATEMENT OF CLAIMS

8. CPC denies the allegations of paragraph 8 of the First Amended Complaint with respect to any Title VII claim Plaintiff may be asserting against Defendant Rheem, but otherwise admits the allegations of paragraph 8 of the First Amended Complaint.

9. CPC denies having engaged in any unlawful employment practices in violation of Title VII.

   a. CPC admits that Plaintiff began working as an employee of CPC on or about January 2005 at the Montgomery, Alabama, facility of CPC's customer, Rheem Manufacturing Company ("Rheem"). CPC otherwise denies the allegations of paragraph 9.a. of the First Amended Complaint.

   b. CPC admits Mr. Hedrick (erroneously referenced in the First Amended Complaint as "Hendrick") was employed by Rheem as a supervisor at Rheem's Montgomery, Alabama, facility. CPC otherwise denies the allegations of paragraph 9.b. of the First Amended Complaint.

   c. CPC admits Mr. Hedrick was Plaintiff's direct supervisor, but denies the remaining allegations of paragraph 9.c. of the First Amended Complaint.

    d. CPC denies the allegations of paragraph 9.d. of the First Amended Complaint.

    e. CPC admits that on May 19, 2006, Plaintiff reported allegations regarding Mr. Hedrick's conduct on May 16, 2006, to Defendant Rheem.

10. CPC denies the allegations of paragraph 10 of the First Amended Complaint.

11. CPC denies the allegations of paragraph 11 of the First Amended Complaint.

12. CPC denies the allegations of paragraph 12 of the First Amended Complaint.

13. CPC denies the allegations of paragraph 13 of the First Amended Complaint.

14. CPC denies the allegations of paragraph 14 of the First Amended Complaint.

15. CPC denies the allegations of paragraph 15 of the First Amended Complaint.

16. CPC denies the allegations of paragraph 16 of the First Amended Complaint.

## PRAYER FOR RELIEF

17. CPC denies that Plaintiff is entitled to the relief sought in paragraph 17 of the First Amended Complaint.

18. CPC denies that Plaintiff is entitled to the relief sought in paragraph 18 of the First Amended Complaint.

19. CPC denies that Plaintiff is entitled to the relief sought in paragraph 19 of the First Amended Complaint.

20. CPC denies that Plaintiff is entitled to the relief sought in paragraph 20 of the First Amended Complaint.

21. CPC denies that Plaintiff is entitled to the relief sought in paragraph 21 of the First Amended Complaint.

22. CPC denies that Plaintiff is entitled to the relief sought in paragraph 22 of the First Amended Complaint.

23. CPC denies that Plaintiff is entitled to the relief sought in paragraph 23 of the First Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. CPC was not properly served, as it received the Summons and Complaint by mail, rather than personal service, and Plaintiff failed to comply with Fed. R. Civ. P. 4(d)(2).

2. The First Amended Complaint fails to state a claim upon which relief can be granted.

3. CPC denies each and every allegation not specifically admitted herein.

4. The alleged behavior and conduct of Mr. Hedrick did not rise to the level of an actionable hostile work environment.

5. The alleged behavior and conduct of Mr. Hedrick was not unwelcome to the Plaintiff.

6. The alleged behavior and conduct of Mr. Hedrick did not involve any tangible employment action.

7. CPC exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by CPC or to otherwise avoid harm to herself.

8. CPC denies that it is a proper defendant in this case.

9. Mr. Hedrick was not an employee of CPC, nor was he supervised by CPC. Rather, he was an employee of Rheem who was supervised by Rheem personnel.

10. No supervisor employed by CPC was present at the location where Plaintiff was employed.

11. Plaintiff never reported the alleged behavior and conduct of Mr. Hedrick to CPC.

12. Until it was served with Plaintiff's EEOC charge, CPC had no knowledge of the alleged behavior and conduct of Mr. Hedrick, nor did it have any reason to believe such behavior or conduct was occurring.

13. Until it was served with Plaintiff's EEOC charge, CPC had no reason to believe Mr. Hedrick was likely to engage in such behavior and conduct.

14. Upon learning of Plaintiff's allegations about the behavior and conduct of Mr. Hedrick, CPC's personnel promptly contacted Mr. Hedrick's employer, Rheem, at which time it learned that Rheem had already conducted an investigation and had terminated Mr. Hedrick's employment based on such investigation.

15. Plaintiff has not suffered any damages as a result of CPC's conduct.

16. Plaintiff has failed to properly mitigate her damages.

17. Plaintiff cannot recover punitive damages for conduct of CPC's managerial agents because any discriminatory conduct by such persons would be contrary to CPC's good-faith efforts to comply with Title VII.

18. Imposition of punitive damages in this action would violate the Due Process Clause of the United States Constitution.

**WHEREFORE**, having fully answered, CPC prays that this Court dismiss the First Amended Complaint in its entirety, enter judgment for CPC, deny the relief sought by Plaintiff, and award CPC its costs and attorneys' fees herein and any other relief deemed just and equitable.

Respectfully submitted,

s/Stephen D. Christie
Stephen D. Christie (ASB-3774-I51S; CHR016)
**LAMAR, MILLER, NORRIS, HAGGARD & CHRISTIE, P.C.**
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244
(205) 326-0000 \ (205) 323-2945 – Facsimile
schristie@lmnflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of NOVEMBER, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following and have served a true and correct copy of the foregoing by depositing same with the United States Postal Service, first class, postage prepaid, addressed as follows:

Mr. Mark M. Gibson
Almon & Gibson, LLC
4 Office Park Circle, Suite 214
Birmingham, AL 35223

s/Stephen D. Christie
OF COUNSEL

6