UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| CANDACE CORLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   2:07-cv-00396-MHT |
| | ) | |
| vs. | ) | |
| | ) | |
| CPC LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT CPC LOGISTICS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CANDACE CORLEY

**COMES NOW** Defendant, CPC Logistics, Inc. ("CPC"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits the following Interrogatories directed to Plaintiff to be answered under oath within the time period required pursuant to the Federal Rules of Civil Procedure, which Interrogatories are continuing in nature and require supplementation and amendment.

If Plaintiff claims that information sought is privileged or subject to protection as trial preparation material, then pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, Plaintiff is required to make the claim expressly and to describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, would enable Defendant to assess the applicability of the privilege or protection.

### DEFINITIONS

For purposes of these Interrogatories, the following definitions apply:

A.   Words in the singular include the plural, and words in the plural include the singular.

B.  Words in the past tense include the present, and words in the present tense include the past.

C.  "**And**" and "**or**" are both conjunctive and disjunctive.

D.  As used herein, "**CPC**" means Defendant CPC, its predecessor and successor corporations, affiliates, or subsidiaries, and any of their present or former agents, officers, directors, employees, or representatives, or any other person acting or purporting to act on behalf of said entities.

E.  "**Communication**" or "**communications**" means the giving, or the giving and receiving of information, signals, data, or messages, by or between a person or persons, orally, in writing, electronically, or by non-verbal gesture, and shall include but not be limited to correspondence, memoranda, telegrams, fax, e-mail, stenographic or handwritten notes, telephone conversations, or meetings.

F.  "**Describe**" means to state fully, specifically, unambiguously, and in chronological order the facts relating to the item or matter referred to in the Interrogatory of which Plaintiff or her agents or representatives have knowledge, including the date, time, place, and conduct involved, and to identify all persons involved and all documents and communications relating thereto.

G.  "**Document**" or "**documents**" mean, both in the singular and plural form, any written, recorded, filmed, or graphic matter of every kind or description, whether produced or reproduced on paper, cards, tapes, film, electronic facsimile, computer storage device, or other media, in the custody or control of Plaintiff, her present or former agents, representatives, and counsel, or any other persons acting on her behalf, including documents in the possession, custody, or control of such persons at any prior time, and any documents to which Plaintiff has

or had access or of which Plaintiff has knowledge. "Document" or "documents" include, but are not limited to: letters; correspondence; memoranda; statements; records; notes; minutes; books; booklets; notebooks; pamphlets; questionnaires; instructions; periodicals; contracts; agreements; transcripts; reports; records; diaries; calendars; work papers; intra-office communications; photographs; films; audio or video tape recordings; drawings; graphs; charts; logs; bookkeeping entries; financial statements; tax returns; bills; invoices; canceled checks; check stubs; reports; studies; summaries; applications; telegrams; cables; telexes; e-mails; faxes; computer files, drives, disks, diskettes, or other electronic data storage devices; memoranda or minutes of meetings, telephone conversations, or personal conversations; and data processing results, printouts, or computations. "Document" or "documents" also include any summarizations, compilations, or indices of documents, as well as any other tangible thing on which information is recorded in writing, sound, electronically, optically, or through any other means. "Document" or "documents" also means a copy where the original is not in the possession, custody, or control of Plaintiff, and every copy of every document where such copy is not an identical copy of the original.

  H.  "**Each**" and "**any**" are both singular and plural.

  I.  "**Identify**" or "**state the identity**," when used with reference to any conversation or other communication, means to state its date, substance, the persons present and their location, the type of communication (e.g., meeting, telephone conversation, letter, etc.), and identify all documents relating to it.

  J.  "**Identify**" or "**state the identity**," when used with reference to a document, means to state its date, author or signer, addressee, type of document (e.g., letter, medical report, etc.) and all other means of identifying it, and its present or last known location and custodian. If

3

any document was, but is no longer, in Plaintiff's possession, custody, or control, state what disposition was made of it, the date of disposition, and the reason therefor.

K. **"Identify"** or **"state the identity,"** when used with reference to a person, means to state the full name, title, present or last known residence and business address, and telephone number of such person.

L. **"Person"** or **"persons"** means any natural person, company, corporation, professional corporation, partnership, association, joint venture, proprietorship, firm, or other business, government, or legal entity.

M. **"Relating to"** means arising out of, connected with, reflecting, embodying, evidencing, describing, involving, addressing, recounting, summarizing, referring to, commenting upon, dealing with, reporting on, having pertinence to, affecting or purporting to affect, or having any relevance whatsoever to, regardless of admissibility.

## INTERROGATORIES

1. Identify, as defined above, each person who supplied information and/or was consulted in the preparation of the answers to these Interrogatories, and specify for which Interrogatory each such person supplied information and/or provided consultation.

**ANSWER:**


2. Identify, as defined above, each person known to have knowledge of any matters alleged in the First Amended Complaint, and describe, as defined above, the matters alleged in the First Amended Complaint of which each such person has knowledge.

**ANSWER:**

3.   Identify, as defined above, each current or former employee of CPC or Defendant Rheem Manufacturing Co. ("Rheem") with whom Plaintiff (or anyone on her behalf) have had communications or conversations about, or otherwise discussed, the claims contained in the First Amended Complaint, and for each such person, include the date of each such communication, conversation, or discussion; the name and address of all persons present at the time of each such conversation or discussion; and the substance of each such communication, conversation, or discussion.

**ANSWER:**

4.   Identify, as defined above, each person from whom Plaintiff (or anyone on her behalf) has obtained a statement, written or otherwise recorded, relating to the claims contained in the First Amended Complaint, and for each such person, further state the date and place of each statement, the manner in which each statement was recorded, and the subject matter and substance of each statement.

**ANSWER:**

5.   As to the allegation in paragraph 9.c. of the First Amended Complaint that "Mike Hendrick [sic] regularly made unwelcome sexual advances" to Plaintiff, for each and every such unwelcome sexual advance:

(a)   State specifically when and where such advance occurred;

(b)   Describe, as defined above, such advance, including both verbal and physical conduct;

5

(c) Identify, as defined above, each person other than Plaintiff and Mike Hedrick who is known or believed to have witnessed such advance;

(d) Identify, as defined above, each person Plaintiff told about such advance, stating specifically when and where such communication occurred;

(e) State whether Plaintiff complained of such advance to any owner, officer, supervisor, or managerial personnel of CPC, and for each such complaint, describe its substance, and state specifically when, where, and to whom any such complaint was made, and whether it was documented in writing;

(f) If Plaintiff did not make any such complaints, state why she did not do so;

(g) State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of CPC about such advance, and for each such complaint, describe its substance, and state specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing;

(h) State whether Plaintiff complained of such advance to any owner, officer, supervisor, or managerial personnel of Rheem, and for each such complaint, describe its substance, and state specifically when, where, and to whom any such complaint was made, and whether it was documented in writing;

(i) If Plaintiff did not make any such complaints, state why she did not do so; and

(j) State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of Rheem about such advance, and for each such complaint, describe its substance, and state

6

specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing.

**ANSWER:**

6.    As to the allegation in paragraph 9.c. of the First Amended Complaint that "Mike Hendrick [sic] regularly made unwelcome highly offensive sexual comments" to Plaintiff, for each and every such unwelcome sexual comment:

(a)    State specifically when and where such comment occurred;

(b)    Describe, as defined above, such comment;

(c)    Identify, as defined above, each person other than Plaintiff and Mike Hedrick who is known or believed to have witnessed such comment;

(d)    Identify, as defined above, each person Plaintiff told about such comment, stating specifically when and where such communication occurred;

(e)    State whether Plaintiff complained of such advance to any owner, officer, supervisor, or managerial personnel of CPC, and for each such complaint, describe its substance, and state specifically when, where, and to whom any such complaint was made, and whether it was documented in writing;

(f)    If Plaintiff did not make any such complaints, state why she did not do so;

(g)    State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of CPC about such advance, and for each such complaint, describe its substance, and state specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing;

7

(h)  State whether Plaintiff complained of such advance to any owner, officer, supervisor, or managerial personnel of Rheem, and for each such complaint, describe its substance, and state specifically when, where, and to whom any such complaint was made, and whether it was documented in writing;

(i)  If Plaintiff did not make any such complaints, state why she did not do so; and

(j)  State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of Rheem about such advance, and for each such complaint, describe its substance, and state specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing.

**ANSWER:**


7.  As to the allegation in paragraph 9.d. of the First Amended Complaint regarding events on May 15, 2006:

(a)  Identify, as defined above, each person other than Plaintiff and Mike Hedrick who is known or believed to have witnessed such event;

(b)  Identify, as defined above, each person Plaintiff told about such event, stating specifically when and where such communication occurred;

(c)  State whether Plaintiff complained of such event to any owner, officer, supervisor, or managerial personnel of CPC, and for each such complaint, describe its substance, and state specifically when, where, and to whom any such complaint was made, and whether it was documented in writing;

(d)  If Plaintiff did not make any such complaints, state why she did not do so;

8

(e) State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of CPC about such event, and for each such complaint, describe its substance, and state specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing;

(f) State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of Rheem about such event, and for each such complaint, describe its substance, and state specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing.

**ANSWER:**


8. As to the allegation in paragraph 9.e. of the First Amended Complaint that on May 19, 2006, Plaintiff reported the events of May 16, 2006, to Rheem:

(a) State whether the reference in paragraph 9.e. of the First Amended Complaint to "the events of May 16, 2006" is in fact a reference to the events described in paragraph 9.d. as occurring on May 15, 2006, and, if so, state which date is correct.

(b) Identify, as defined above, each owner, officer, supervisor, or managerial personnel of Rheem to whom Plaintiff made such report, state whether they were documented in writing, and describe the substance of such report;

(c) State each reason for the passage of time between the occurrence of the events described in paragraph 9.d. and Plaintiff's reporting of them to Rheem on May 19, 2006.

9

**ANSWER:**

9. As to the allegation in paragraph 10 of the First Amended Complaint that the "terms and conditions of [Plaintiff's] employment" were "adversely affected" and that she was subjected to a "hostile work environment and harassment because of her sex", for each and every incident or instance of conduct relating to this allegation not already included in the responses to Interrogatories 5 through 8 above:

   (a) State specifically when and where such incident or instance of conduct occurred;

   (b) Describe, as defined above, such incident or instance of conduct;

   (c) Identify, as defined above, each person other than Plaintiff and Mike Hedrick who is known or believed to have witnessed it;

   (d) Identify, as defined above, each person Plaintiff told about it, stating specifically when and where such communication occurred;

   (e) State whether Plaintiff complained of it to any owner, officer, supervisor, or managerial personnel of CPC, and for each such complaint, describe its substance, and state specifically when, where, and to whom any such complaint was made, and whether it was documented in writing;

   (f) If Plaintiff did not make any such complaints, state why she did not do so;

   (g) State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of CPC about such advance, and for each such complaint, describe its substance, and state specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing;

(h)     State whether Plaintiff complained of it to any owner, officer, supervisor, or managerial personnel of Rheem, and for each such complaint, describe its substance, and state specifically when, where, and to whom any such complaint was made, and whether it was documented in writing;

(i)     If Plaintiff did not make any such complaints, state why she did not do so; and

(j)     State whether Plaintiff has personal knowledge of any other employees of CPC or Rheem complaining to any owner, officer, supervisor, or managerial personnel of Rheem about such advance, and for each such complaint, describe its substance, and state specifically when, where, by whom, and to whom any such complaint was made, and whether it was documented in writing.

**ANSWER:**


10.     State all facts relating to the allegation in paragraph 14 of the First Amended Complaint that "Defendants failed to properly train and supervise Mr. Hedrick with regard to sexual harassment and invasion of privacy issues."

**ANSWER:**


11.     State all facts relating to the allegation in paragraph 15 of the First Amended Complaint that "[w]ith knowledge of prior wrongful conduct by Mr. Hendrick [sic], Defendants negligently retained Mr. Hendrick [sic] as a part of the management team for Rheem and CPC."

**ANSWER:**

12.     As to the request in paragraph 18 of the First Amended Complaint that Plaintiff be made whole with "appropriate backpay," state the amount of backpay sought and basis for its calculation.

**ANSWER:**

13.     Since Plaintiff ceased working for CPC, for each individual or business organization with which she attempted to obtain employment or work as an agent or independent contractor, state:

(a)     The name and address of such individual or business organization;

(b)     The date(s) on which she made inquiry or had any contacts with such individual or business organization for purposes of obtaining employment or work;

(c)     The substance of any and all conversations with agents or employees of such individual or business organization, including the name of the person with whom Plaintiff had said conversations, regarding her search for employment or work;

(d)     The type of employment or work Plaintiff sought;

(e)     If Plaintiff was offered employment or work, and if so, the wages and benefits offered; the job classification; whether the work was regular, full-time, part-time or casual work; and whether Plaintiff accepted or rejected such offer and why; and

(f)     If Plaintiff was not offered employment or work, the reason Plaintiff was given for this and the person communicating this reason.

**ANSWER:**

14. As to each individual or business organization by whom Plaintiff was employed or for whom Plaintiff performed work as an agent or independent contractor after she ceased working for CPC, state:

    (a) The name and address of the individual or business organization;

    (b) The dates of Plaintiff's employment or work;

    (c) The principal business of the individual or business organization;

    (d) Plaintiff's initial pay rate;

    (e) Each change in Plaintiff's pay rate, including the date, amount, and reason for such change;

    (f) The nature of any fringe benefits Plaintiff received initially;

    (g) Any change in Plaintiff's fringe benefits, including the date and reason for such change;

    (h) The name and address of each of Plaintiff's supervisors or persons from whom Plaintiff obtained work assignments;

    (i) Plaintiff's reason for leaving.

**ANSWER:**

15. If at any time since Plaintiff ceased working for CPC she has been self-employed, state:

    (a) The name and address of her business;

    (b) The nature of her business;

    (c) The names and addresses of any partners or other shareholders in her business;

(d) The inclusive dates of each period of self-employment;

(e) Whether her business was incorporated, and if so, the date of incorporation and the state in which it was incorporated;

(f) The annual revenue and gross and net profits of the business during each year of self-employment;

(g) Her annual earnings during each year of self-employment;

(h) The nature of all fringe benefits received by Plaintiff during each year of self-employment; and

(i) The reason, if any, for termination of such business.

**ANSWER:**


16. With regard to any periods of time of one month or more since Plaintiff ceased working for CPC not accounted for in response to Interrogatories 14 and 15 above, state what Plaintiff was doing during said period, i.e., the reason(s) she was not working during said periods (e.g., looking for work, ill, etc.).

**ANSWER:**


17. State the amounts and sources of all income received by Plaintiff since Plaintiff ceased working for CPC.

**ANSWER:**


18. As to the request in paragraph 19 of the First Amended Complaint that Plaintiff be made whole by providing compensation for "out-of-pocket losses, medical expenses and job

search expenses," for each such type of loss or expense, state the amounts sought and basis for calculation of such amounts.

**ANSWER:**

19. As to the request in paragraph 20 of the First Amended Complaint that Plaintiff be made whole by providing compensation for "emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation," state the amounts sought and basis for calculation of such amounts, including all facts relating to each physical, emotional, or mental disorder, illness, sickness, symptom, and/or complaint involved, if any.

**ANSWER:**

20. For each physical, emotional, or mental disorder, illness, sickness, symptom, and/or complaint described in response to Interrogatory 19, above, if any, state:

(a) Its extent, dates, and duration;

(b) The identity of each health care provider Plaintiff visited, consulted, or utilized in connection with it;

(c) The dates of said visits, consultations, or utilization;

(d) Treatment received, including medication;

(e) Any previous history of similar physical, emotional, or mental disorder, illness, sickness, symptom, and/or complaint, and treatment for same, prior to the conduct alleged in the First Amended Complaint.

**ANSWER:**

Respectfully submitted,

s/Stephen D. Christie
Stephen D. Christie (ASB-3774-I51S; CHR016)
**LAMAR, MILLER, NORRIS, HAGGARD & CHRISTIE, P.C.**
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244
(205) 326-0000 \ (205) 323-2945 – Facsimile
schristie@lmnflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18TH day of DECEMBER, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following and have served a true and correct copy of the foregoing by depositing same with the United States Postal Service, first class, postage prepaid, addressed as follows:

Mark M. Gibson, Esq.
Almon & Gibson, LLC
4 Office Park Circle, Suite 215
Birmingham, AL 35223
(205) 445-0895
mgibson9051@charter.net

Henry C. Barnett, Jr., Esq.
Capell & Howard, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL 36102
(334) 241-8059 \ (334) 323-8888 fax
BAR037
hcb@chlaw.com

Adam P. Morel, Esq.
Law Offices of Adam Morel, LLC
2300 10th Court South
Birmingham, AL 35205
(205) 252-8841 \ (205) 252-7787 fax
adam@morelawfirm.com

s/Stephen D. Christie
OF COUNSEL