UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
Northern Division

| | |
|---|---|
| CANDACE CORLEY, | ) |
|         Plaintiff, | ) Case No. 2:07-cv-00396-MHT |
| vs. | ) |
| CPC LOGISTICS, INC., | ) |
|         Defendant. | ) |

## DEFENDANT CPC LOGISTICS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF CANDACE CORLEY

COMES NOW the Defendant, CPC Logistics, Inc. ("CPC"), by undersigned counsel, and, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff Candace Corley ("Plaintiff") produce and permit CPC to inspect and copy the following documents in the offices of Harris Dowell Fisher & Harris, L.C., 15400 South Outer Forty, Suite 202, Chesterfield, Missouri 63017, within the time provided by the Federal Rules of Civil Procedure. These requests are to be deemed continuing and must be supplemented to the extent required by law and the Federal Rules of Civil Procedure.

### DEFINITIONS

The definitions set forth in CPC's First Set of Interrogatories to Plaintiff apply to this request for production of documents.

### REQUESTS

1. All documents identified in, consulted, or used in preparing Plaintiff's responses to Defendant CPC Logistics, Inc.'s First Set of Interrogatories Directed to Plaintiff Candace Corley.

**RESPONSE:**

2. All diaries, journals, calendars, daily planners, appointment books, notes, memoranda, e-mails, and similar documents relating to Plaintiff's daily activities, incidents, thoughts, emotions, and impressions, which Plaintiff kept, maintained, or prepared at any time during Plaintiff's employment with CPC.

**RESPONSE:**

3. All documents evidencing correspondence, conversation in person or by telephone, e-mail, instant messenger, or other form of communications, between Plaintiff or anyone acting on her behalf and CPC and/or Defendant Rheem Manufacturing Company ("Rheem") or anyone acting on their behalf, relating to any matter alleged in Plaintiff's Complaint, regardless of who initiated the correspondence, conversations, or other communications.

**RESPONSE:**

4. All documents evidencing correspondence, conversation in person or by telephone, e-mail, instant messenger, or other form of communications, between Plaintiff or anyone acting on her behalf, and any present or former employee or customer of CPC and/or Rheem, relating to any matter alleged in Plaintiff's Complaint, regardless of who initiated the correspondence, conversations, or other communications.

**RESPONSE:**

5.   All documents relating to any act of inappropriate or unlawful conduct Plaintiff contends was committed against Plaintiff by Mike Hedrick, by any other employee or former employee of Rheem, and/or by any employee or former employee of CPC.

**RESPONSE:**

6.   All documents relating to the allegation in paragraph 15 of the First Amended Complaint that Defendants had "knowledge of prior wrongful conduct by Mr. Hendrick [sic]."

**RESPONSE:**

7.   All documents evidencing correspondence, conversation in person or by telephone, e-mail, instant messenger, or other form of communications, relating to any efforts Plaintiff made to notify Rheem, CPC, and/or anyone acting on their behalf, of any inappropriate or unlawful conduct Plaintiff contends was committed by Mike Hedrick and/or any other employee of Rheem and/or CPC, and/or relating to any responses to such efforts or any remedial measures undertaken by Rheem and/or CPC, regardless of who initiated the correspondence, conversations, or other communications.

**RESPONSE:**

8.   All documents relating to the circumstances of the cessation of Plaintiff's employment with CPC.

**RESPONSE:**

9. All documents relating to Plaintiff's claim in paragraph 19 of the First Amended Complaint to have suffered "out-of-pocket losses, medical expenses, and job search expenses."

**RESPONSE:**

10. All documents relating to Plaintiff's claim in paragraph 20 of the First Amended Complaint to have suffered "emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation," including a complete copy of all medical records prepared or maintained by health care providers relating to Plaintiff for the past five years; and all such medical records regarding treatment for any physical, mental, or emotional illnesses, symptoms, or complaints that Plaintiff claims were caused by the unlawful conduct alleged in the First Amended Complaint, and any similar illnesses, symptoms, or complaints, without regard to time. As an alternative to Plaintiff's direct provision of such medical records, CPC will accept a list identifying such health care providers, accompanied by appropriate releases permitting CPC to directly acquire such medical records.

**RESPONSE:**

11. All other documents relating to Plaintiff's claim for compensatory and punitive damages.

**RESPONSE:**

12. All documents relating to efforts Plaintiff made to obtain work, including without limitation temporary, casual, or part-time employment, self-unemployment, or work as an

independent contractor or agent, with persons or businesses other than CPC, subsequent to Plaintiff's cessation of employment with CPC, including but not limited to classified advertisements, job descriptions, job applications, resumes, cover letters, and letters offering or declining to offer employment.

**RESPONSE:**


13. All documents, including without limitation payroll checks, check stubs, and W-2 or 1099 Forms, indicating or relating to the amount and/or source of all income, including without limitation wages, salary, unemployment compensation, and/or self-employment income, received by or accruing to Plaintiff from sources other than CPC subsequent to Plaintiff's cessation of employment with CPC.

**RESPONSE:**


14. Complete copies of all state and federal tax returns, whether filed individually or jointly with any other person, with accompanying forms, schedules, and supporting documentation, filed by Plaintiff or on Plaintiff's behalf for the years 2004 through the date of trial.

**RESPONSE:**


15. All documents relating to communications between Plaintiff or anyone acting on Plaintiff's behalf and the United States Equal Employment Opportunity Commission or any other federal, state, or local governmental agency, relating to Plaintiff's employment with CPC or any other employer.

**RESPONSE:**

16. All documents, including without limitation any letters, notes, memoranda, statements, tape recordings, reports, charges, complaints, depositions, affidavits, or pleadings relating to any lawsuit, court action, or administrative charge or proceeding, whether a civil, criminal, workers' compensation, or divorce action, in which Plaintiff or Plaintiff's spouse are or ever have been a party, or relating to any charge or complaint of discrimination or grievance filed by, against, or about Plaintiff or Plaintiff's spouse with any employer, union, or federal, state, or local governmental agency.

**RESPONSE:**

Respectfully submitted,

s/Stephen D. Christie
Stephen D. Christie (ASB-3774-I51S; CHR016)
**LAMAR, MILLER, NORRIS, HAGGARD & CHRISTIE, P.C.**
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244
(205) 326-0000 \ (205) 323-2945 – Facsimile
schristie@lmnflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 18TH day of DECEMBER, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following and have served a true and correct copy of the foregoing by depositing same with the United States Postal Service, first class, postage prepaid, addressed as follows:

Mark M. Gibson, Esq.
Almon & Gibson, LLC
4 Office Park Circle, Suite 215
Birmingham, AL 35223
(205) 445-0895
mgibson9051@charter.net

Henry C. Barnett, Jr., Esq.
Capell & Howard, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL 36102
(334) 241-8059 \ (334) 323-8888 fax
BAR037
hcb@chlaw.com

Adam P. Morel, Esq.
Law Offices of Adam Morel, LLC
2300 10th Court South
Birmingham, AL 35205
(205) 252-8841 \ (205) 252-7787 fax
adam@morelawfirm.com

                                            s/Stephen D. Christie
                                            OF COUNSEL